UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

VS.                                              CRIM NO.: 11-004-08 S

ALBINO FOLCARELLI, a/k/a "Albi"
    DEFENDANT

### DEFENDANT ALBINO FOLCARELLI'S REPLY MEMORANDUM TO GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO EXCLUDE RECORDED STATEMENTS

Defendant has moved to exclude all recorded conversations between Edward Lato and Cooperating Witness ("CW") on the grounds that these statements are inadmissible as a co-conspirator admission because they were not made during the course and in furtherance of the alleged conspiracy. Defendant based this argument on his claim that the conspiracy alleged against him in Count 4 of the indictment was completed at the time of the last payment to the alleged victim ("Person A") was made, in early January 2011. The Government objected to Defendant's motion with three arguments:

1. The recorded statements involved a coverup of the alleged conspiracy, therefore they occurred during the course of and in furtherance of it;

2. Defendant was a co-conspirator not only in the conspiracy charged in Count 4, but also in a larger conspiracy, that is, "in their capacity as members of the NELCN"; and

3. As a fall back position, if the court finds the statements to be inadmissible hearsay under the Co-Conspirator Rule, then the Government would offer the statements for the limited purpose "to establish background" as to the

1

relationship between the participants, rather than to prove the truth of the matter asserted in the conversations.

Defendant replies to these arguments in order.

**1. Conspiracy to Extort Person A was over at the Time the Statements Were Made.**

The law is well settled that once a conspiracy has achieved its objective, the conspiracy ends, and that any attempt thereafter by the conspirators to conceal their crime does not extend its duration. The First Circuit acknowledged this in United States v. Davis, 623 F. 2d 188 (First Cir. 1980): "By no means does this mean that acts of concealment can never have significance in furthering a criminal conspiracy. But a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after the central objectives have been obtained, for the purpose only of covering up after the crime." Davis at 192, *citing* Grunewald v. United States, 353 US 391, 405, 77 S. Ct. 963, 974 (1957).

The facts of the Davis case clearly illustrates this distinction: Defendants were charged with conspiring to transfer and conceal property of a corporation in contemplation of the corporation's bankruptcy and to conceal corporate property from creditors in violation of bankruptcy fraud laws. The Defendant burned the debtors' warehouse to conceal the debtors' fraudently claimed inventory loss. The debtor thereafter filed for bankruptcy, during the pendency of which there were various acts and declarations of the co-conspirators. The court rejected Defendant's claim that those conversations occurred after the completion of the conspiracy because "the conspiracy does not go out when the fire went out. It continues." (The Honorable Frances J. Boyle,

District of Rhode Island). These facts are clearly distinguishable from the conspiracy alleged in the instant case, concerning the extortion from Person A. The cases cited by the Government do not alter this analysis, as they deal with cover-up attempts during the course of an ongoing conspiracy: See United States v. Roldan-Zapata, 916 F. 2d 795,803 (Second Cir. 1990); See also United States v. Broussard, 80 F. 3d 1025, 1039 (Fifth Cir. 1996). In the instant case the alleged conspiracy involving Person A clearly ended when the last payment was made.

### 2. There is no Evidence that the Defendant is a Member of an Ongoing Mafia Conspiracy

The major thrust of the Government's objection is that Albino Folcarelli is not only a conspirator with respect to the alleged extortion of Person A, but is also a member of a larger, overarching conspiracy, the NELCN. The Government has made no allegation that Defendant has committed or agreed to commit any crimes as a member of the NELCN conspiracy, except to the extent his alleged involvement in the extortion of Person A. The Government's position is thus that Mr. Folcarelli, by virtue of his alleged conduct concerning Person A, is not only a co-conspirator with those charged in Count 4, but is also a co-conspirator of every mobster in this State, for every other crime committed by those individuals, for an interminable period of time. It is only if this conclusion is accepted that Lato's conversations (after the conclusion of the Person A conspiracy) are in furtherance of and during the course of a larger conspiracy, that is, the activities of the NELCN as an institution. The exorbitance of the Government's argument is highlighted by the cases it cites.

In United States v. Marino, 277 F. 3d 11 (First Cir. 2002), the Defendants, who were members of the Patriarca crime family, were convicted of RICO conspiracy and

3

substantive RICO through a pattern of racketeering activity, and conspiring to murder 13 individuals in aid of racketeering. The case arose out of a shooting war between two rival factions of the Patriarca family, the Salemme faction and the Carrozza faction. Defendants, members of the Carrozza clan, sought to exclude statements made by the Salemme group, on the grounds that those members were not members of the same conspiracy as Defendants, and that the conversations were not in furtherance of such conspiracy. The First Circuit rejected these arguments on the ground that, although both groups were rivals, they were both members of the same overarching Patriarca crime family conspiracy. The court rejected Defendant's argument that there was "no unity of interest" between the two groups, because they were part of the same family which shared common goals.

  The nature and scope of the charges and evidence against the Defendants in <u>Marino</u> precludes any meaningful comparison with the instant case. Defendant Folcarelli, who is not alleged to be a member of the NELCN, was not even charged in the RICO count of the instant indictment. (This court alleged a racketeering conspiracy to extort protection money from strip clubs.) Lato's recorded statements, while mentioning his name, do not indicate that he has committed any crimes or taken any actions in furtherance this larger conspiracy alleged by the Government. Because the Government cannot connect Folcarelli to the NELCN conspiracy, the scope of the conspiracy he allegedly participated in is limited to the allegations concerning Person A. Lato's remarks were not during the course of or in furtherance of this conspiracy, therefore should be excluded.

4

### 3. Lato's Statements Are not admissible for a non hearsay purpose.

The Government freely acknowledges that it seeks to introduce Lato's conversations to prove the truth of the matter asserted therein. (Government's Memorandum, page 16). Should the court agree with Defendant that the statements are hearsay, then the Government would seek to offer them for a lesser purpose, that is, to establish background information on the nature of the relationship between the individuals involved. Defendant respectfully counters that the Government's candid acknowledgement as to the relevance of these conversations, that is, to prove the truth of the matter asserted, precludes them being offered for any lesser purpose should they be found to constitute hearsay.

In United States v. McGlory, 968 F. 2d 309 (Third Cir. 1992), the court declared certain notebooks and other records were hearsay notwithstanding the Government's claim that they were not offered for the truth of the matter asserted. That court stated:

> This court, however, had disfavored the admission of statements which are not technically admitted for the truth of the matter asserted, whenever the matter asserted, without regard to its truth value, implies that the Defendant is guilty of the crime charged. In *Reynolds*, 715 F. 2d 99 we held that statements containing express assertions not offered for their truth may contain implied assertions that qualify as hearsay because the truth of the implied assertions is at issue and relevant to guilt. We encounter this problem when:
>> The matter which the declarant intend to assert is different from the matter to be proved, but the matter asserted, if true, is circumstantial evidence of the matter to be proved.
>
> McGlory, *supra,* at 332.

In United States v. Mahar, 801 F. 2d 1477 (Sixth Cir. 1986), the prosecution argued that it was not offering handwritten notes for the truth of the matters asserted

5

therein. The notes appeared to focus on a Medicaid investigation of the Defendant's clinic. During his closing argument to the jury, counsel for the Government characterized the notes as "a game plan for avoiding detection of fraud." Id at 1491. The United States Court of Appeals for the Sixth Circuit held that the notes were hearsay because the prosecutor intended to convince the jury of the truth of several statements in the notes and the jury may have relied on those statements as evidence of the fraud scheme charged. Id at 1491-1492. McGlory, supra, at 333.

In the instant case, several of Lato's statements refer specifically to one of the major facts that the Government seeks to prove, that is, that Defendant paid a visit to Person A's place of employment. (See the May 2, 2011 and June 6, 2011 recordings referenced in the Government's Memorandum). These conversations certainly would be excludable under the reasoning enunciated in McGlory. There is no way for a jury to not consider those statements as proof of the matters asserted therein, when the crux of the Government's case is that those statement are in fact true.

### Conclusion

Lato's conversations clearly were not during the course of or in furtherance of the conspiracy alleged in Count 4 involving Person A. There is simply no evidence of the Defendant being involved in any other conspiracy, particularly the nebulous NELCN conspiracy claimed by the Government. Lato's remarks are thus inadmissible hearsay as they are not during the course of or in furtherance of any conspiracy. If the Government offers these statements for some limited purpose other than proving the truth of the matters asserted, this court should still exclude the same as hearsay for the reasons given in United States v. McGlory, supra.

                         Respectfully submitted by
                              DEFENDANT
                              ALBINO FOLCARELLI
                              By his attorneys,

                              /s/ James T. McCormick
                              **James T. McCormick (#2614)**
                              McKENNA & McCORMICK
                              128 Dorrance Street, Suite 330
                              Providence, RI 02903-2814
                              (401) 831-2970
                              (401) 751-1797 (FAX)


## CERTIFICATION

I hereby certify that on March 30, 2012, a copy of the foregoing Defendant Albino Folcarelli's to Government's Objection to Defendant's Motion to Exclude Recorded Statements was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              **/s/ James T. McCormick**